UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JESSE J. COPELAND,                          §
                                            §
          Plaintiff,                        §
VS.                                         §       CIVIL ACTION NO. 2:15-CV-91
                                            §
OFFICER P. HILL, *et al*,                   §
                                            §
          Defendant.                        §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. §
1983.  Plaintiff, appearing *pro se*, alleges items of his inmate personal property were lost or
otherwise not returned to him when he was transferred between facilities.   Plaintiff brings
this action against Officer P. Hill alleging she failed to investigate the circumstances of his
lost property.  For the reasons set forth in more detail below, it is respectfully recommended
that this action be **DISMISSED with prejudice** for failure to state a claim and/or as
frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and further, that this
action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28
U.S.C. § 1331.   This case was referred to the undersigned Magistrate Judge for case
management and screening.[1]  Plaintiff's grievances and the subsequent investigation were

_____

[1] *See* Special Order C-2013-01.

filed and completed at the McConnell Unit constituting a "substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b).  Therefore, venue is appropriate in the Southern District of Texas.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas.  Plaintiff filed this civil rights action on February 17, 2015, naming Officer P. Hill as the sole defendant.  (D.E. 1).  On March 16, 2015, a *Spears*[2] hearing was conducted.   The following information and allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing:

Plaintiff is serving a life sentence for Robbery.  He has been in continuous TDCJ-CID custody since 1987.  Plaintiff was assigned to the Eastham Unit in Lovelady, Texas, which is in Houston County, in the Lufkin Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(6).   In December 2013, Plaintiff was transferred to the University of Texas Medical Branch – Texas Department of Criminal Justice (UTMB-TDCJ) in Galveston, Texas for hip replacement surgery.    In February 2014, after the surgery, Plaintiff was transferred from UTMB-TDCJ to the McConnell Unit in Beeville.  Plaintiff did not return to the Eastham Unit.  When Plaintiff arrived at the McConnell unit he discovered that much of his authorized personal property had not been returned to him.  The lost items included a Smith Corona typewriter, an electrical fan, a multi-plug electrical outlet, shoes, clothing,

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

and books.  Plaintiff filed an administrative claim and grievance while at the McConnell Unit.  Plaintiff estimates the value of his personal property to be approximately $900.00.

Assistant Warden Kenneth Putnam, of the McConnell Unit, investigated the complaint because "all property grievances are investigated by the unit of assignment." (D.E. 1, p. 4).  Warden Putman denied Plaintiff's Step 1 Grievance.  Assistant Region IV Director E. Garza denied Plaintiff's Step 2 grievance.   According to the Step 2 grievance response,  Plaintiff was unable to verify his ownership of the multi-plug electrical outlet, shoes, books, T-Shirt and fan because there was no evidence to support his possession of those items.  (D.E. 1, p. 4).  Further, the typewriter and three books were confiscated due to the ownership being questioned.  (D.E. 1, p. 4).  However, an offer of settlement for the typewriter was presented to Plaintiff on November 26, 2014, which Plaintiff declined.  (D.E. 1, p. 4).

Plaintiff explained at the *Spears* hearing he was unable to verify his ownership of the items because he had not been provided with appropriate forms to document his possession and ownership.  He further explained that had officials properly investigated, they would have verified that he did own the missing items.  Finally, Plaintiff explained that he brought this action against Officer P. Hill because he believes she is the TDCJ official who was ultimately responsible for his property.   Plaintiff did not file a lawsuit for the lost or confiscated property in state court.

In this action, Plaintiff seeks the return of his personal property, money damages and court costs.

## III.   DISCUSSION

### A.   Legal Standard

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

### B.   Eleventh Amendment Immunity

Plaintiff has named Officer P. Hill as the sole defendant.   Plaintiff testified at the *Spears* hearing he was bringing the action against Officer Hill in her individual and official capacity for money damages.

The State of Texas has sovereign immunity and, under the Eleventh Amendment, suits in federal court by citizens of a state against a state or a state agency or department are prohibited.  *See College Sav. Bank v. Florida. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1982).   States and their agencies may be sued only when there is unequivocally expressed consent, or where Congress has validly abrogated the state's sovereign immunity

by unequivocal expression of intent. *Pennhurst,* 465 U.S. at 99-100. *See also Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Quern v. Jordan,* 440 U.S. 332, 342 (1979). The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst,* 465 U.S. at 100-01. Texas has not consented to suit against itself or its agencies in federal court, nor has Congress abrogated Texas' sovereign immunity in regards to Plaintiff's § 1983 claims raised herein. *See Sossamon v. Texas,* 131 S. Ct. 1651, 1657-58 (2011).

Plaintiff's claims against Officer Hill in her official capacity are effectively claims against the State itself and are similarly barred by the Eleventh Amendment. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir.), *cert. denied*, 132 S. Ct. 825 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."). The Fifth Circuit has repeatedly held that the Eleventh Amendment bars claims for money damages against TDCJ officers in their official capacities. *See e.g., Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Thus, to the extent Plaintiff is suing Officer Hill in her official capacity for money damages, those claims are barred by the Eleventh Amendment. *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Dismissal of Plaintiff's claims for monetary damages against Defendant Hill in her official capacity is warranted.

C.   **Plaintiff's lost property claims against Officer Hill in her individual capacity.**

The gravamen of Plaintiff's complaint is Officer Hill failed to investigate Plaintiff's lost property. The Fifth Circuit has held that inmates do not have a constitutionally

protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir.2005) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim. *See* 42 U.S.C. § 1997e(b). Inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures.

Further, Plaintiff brings this action against Officer Hill because Plaintiff believes she is the person who was ultimately responsible for his property. Accepting that allegation as true, Plaintiff has failed to allege that Officer Hill was personally involved or had anything to do with Plaintiff's property being lost or not returned to him. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate

indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Plaintiff's complaint simply does not allege a viable cause of action against Officer Hill.

Finally, while not alleged by Plaintiff directly, Plaintiff's case also involves his property being lost, taken, or otherwise disposed of by prison officials without compensation to Plaintiff. The Fourteenth Amendment protects against the deprivation of ones property by state actors without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 535-55 (1981). However, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115, (1990). A state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state post-deprivation remedy. *Hudson v. Palmer* 468 U.S. 517, 533 (1984)(unauthorized intentional conduct). The Texas court system provides an adequate post-deprivation remedy for taking property. *See Holloway v. Walker,* 784 F.2d 1287, 1292 (5th Cir. 1986). Further, the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy for property taken from prisoners. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983).

At least with regard to Plaintiff's typewriter, prison officials acknowledged it had been lost or otherwise improperly disposed of and offered Plaintiff a settlement. (D.E. 1, p. 4). Plaintiff declined the settlement offer because he wanted compensation for all of the

items.  In the present case, Plaintiff is not alleging officials confiscated his property pursuant to a TDCJ directive.  Rather, Plaintiff is alleging the loss of his property was random, unauthorized or negligent.  Plaintiff's claim is not cognizable in a § 1983 claim because Texas has adequate post-deprivation remedies.

Therefore, dismissal of Plaintiff's claims against Officer Hill in her individual capacity should be dismissed.

**IV.    Recommendation.**

Plaintiffs' allegations, taken as true and in the light most favorable to him, fail to state cognizable constitutional violations under 42 U.S.C. § 1983.  Thus, it is respectfully recommended that this action be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that notice of this dismissal be forwarded to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 18th day of March, 2015.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).