UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSE J. COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-91 |
| | § | |
| OFFICER P. HILL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION DENYING
<u>PLAINTIFF'S MOTION TO AMEND COMPLAINT</u>**

Pending is Plaintiff's motion to amend complaint.[1]  (D.E. 11).  For the reasons stated herein, Plaintiff's motion to amend is **DENIED without prejudice**.

**I.      JURISDICTION.**

The Court has federal question jurisdiction over this prisoner civil rights action. 28 U.S.C. § 1331.

**II.     PROCEDURAL BACKGROUND.**

Plaintiff Jesse J. Copeland is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit (MCU) in Beeville, Texas.  On February 17, 2015, he filed this civil rights action alleging that his personal property had been lost and/or stolen after he was

---

[1] Though docketed as a motion to amend complaint (D.E. 11), Plaintiff also makes objections to the March 18, 2015 M&R in that pleading.

1 / 6

transferred from the Eastham Unit in Lovelady, Texas to Hospital Galveston. (D.E. 1). He named as the single Defendant, Officer P. Hill, the Eastham Unit Property Officer.

Following a *Spears*[2] hearing, by Memorandum and Recommendation (M&R) entered March 18, 2015, it was recommended that Plaintiff's property claims be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915 (b)(1).

On April 9, 2015, Plaintiff filed his motion to amend complaint. (D.E. 11). Plaintiff clarifies that he is charging Officer Hill with "theft," and he seeks to add MCU employees Officer Taylor and Warden Putnam claiming that they knew Officer Hill was stealing property or allowing property to be stolen at the Eastham Unit, but they did nothing to stop it.

In his amended complaint (D.E. 11), Plaintiff provides additional detail concerning his claims: Plaintiff relates that, when he packed his property at Eastham, an officer inventoried the property and prepared a written receipt. (D.E. 11, p. 2). Plaintiff asked for a copy of the receipt; Defendant Hill told him he would receive a copy the next morning when he left on the medical chain for Hospital Galveston. (D.E. 11, p. 2). The next morning, Plaintiff did not receive a copy of the Property Receipt, in violation of TDCJ-CID policy. (D.E. 11, p. 2).

After surgery, Plaintiff was assigned to the Beto Unit for therapy. (D.E. 11, p. 3). Plaintiff sent an I-60 request to Defendant Hill to transfer his property to the Beto Unit,

---

[2] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

but his property was never transferred and he never received a response to his I-60. (D.E. 11, p. 3).

On February 12, 2014, Plaintiff arrived at the MCU. (D.E. 11, p. 3). Property Officer F. Taylor brought Plaintiff his property, and Plaintiff immediately noticed that two bags were missing. (D.E. 11, p. 3). Plaintiff told Officer Taylor that some of his property was missing, and in response, Officer Taylor asked from what unit had Plaintiff's property been transferred. (D.E. 11, p. 3). When Plaintiff told her the Eastham Unit, Officer Taylor commented that offenders often had problems with their property when being transferred from Eastham. (D.E. 11, p. 30).

The next day, Officer Taylor and Plaintiff made a list of his property to send to Officer Hill at the Eastham Unit to establish "proof of ownership" and note what items were missing. (D.E. 11, p. 3). Officer Taylor mentioned to Plaintiff that this was the "third or fourth time" Officer Hill had lost an inmate's property, and Officer Taylor opined that someone at Eastham was stealing inmate property. (D.E. 11. P. 3).

Plaintiff filed a grievance alleging that Officer Hill and maybe other TDCJ employees had stolen his personal property. Warden Putnam denied the grievance, and on September 22, 2014, Plaintiff had the opportunity to talk to Warden Putnam directly about his stolen property. Warden Putnam acknowledged that he was aware that inmates coming from other units had complained about lost or stolen property, but there was nothing he could do about it. (D.E. 11, p. 4).

## III.     PLAINTIFF'S MOTION TO AMEND COMPLAINT.

Plaintiff seeks to amend his complaint to clarify that he is charging Officer Hill with theft.  He also seeks to name MCU Warden Putnam and Property Officer Taylor as Defendants alleging these individuals had knowledge of Plaintiff's property being misappropriated, stolen or destroyed by Officer Hill or during transfers, but they failed to investigate or remedy the matter.

## IV.     DISCUSSION.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Determining when justice requires permission to amend rests within the discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.,393 F.3d 590, 595* (5th Cir. 2004).  In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  *Johnson v. Epps,*479 Fed. Appx. 583, *3 (5th Cir. 2012) (citation omitted).

This case is at its early stages and no party would be prejudiced if amendment were allowed; however, Plaintiff's motion to amend complaint should be denied because amendment in this case would be futile.  Despite Plaintiff's additional briefing, the

substance of his claims remain the same: he is suing Defendants in their individual capacities for monetary damages for the intentional (theft) and/or loss of his personal property. As discussed in the March 18, 2015 M&R, the Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). However, where the individuals acting under the color of state law infringe a property interest through "random and unauthorized" acts, the existence of adequate post-deprivation state remedies satisfies procedural due process requirements by providing a means of redress for the property deprivation and, accordingly, justifies dismissal of a § 1983 claim that is based on that infringement. *Parratt,* 451 U.S. at 537-43; *Augustine v. Doe,* 740 F.2d 322, 327-28 (5th Cir. 1984). Because Texas provides an adequate state post-deprivation remedy, Plaintiff fails to state a claim against any Defendant regardless of any deficiency in his or her conduct regarding his property. *See Murphy v. Collins,* 26 F.3d 541, 543-44 (5th Cir. 1994). Moreover, to the extent he claims that Defendants' failed to follow TDCJ-CID policies or procedures, without more, this allegation fails to raise a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Amendment would thus be futile because, despite Plaintiff's offered additional facts and Defendants, his allegations fail to state a cognizable constitutional violations.

## V.   CONCLUSION

For these reasons, Plaintiff's motion to amend complaint (D.E. 11) be **DENIED without prejudice**.   In ruling on the undersigned's memorandum and recommendation

to dismiss this action (D.E. 9), if United States District Judge Nelva Gonzales Ramos determines Plaintiff's case should not be dismissed, Plaintiff may re-file a motion to amend the complaint.

ORDERED this 13th day of August, 2015.

_____
Jason B. Libby
United States Magistrate Judge